**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd., Suite 535
Toluca, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA ACOSTA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PATENAUDE & FELIX, A PROFESSIONAL CORPORATION <br><br> Defendant. | Case No. 3:19-cv-00954-CAB-BGS <br><br> **DECLARATION OF G. THOMAS MARTIN, III IN SUPPORT OF UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Date:  September 10, 2020 <br> Time:  2:00 p.m. <br> Courtroom: 15A <br> Judge:  Hon. Cathy Ann Bencivengo |

## <u>DECLARATION OF G. THOMAS MARTIN, III</u>

I, G. THOMAS MARTIN, III, declare:

     1.    I am one of the lead attorneys for the Plaintiffs in this action. I am over the age of 18 and am fully competent to make this declaration. I was admitted to the State Bar of California in January, 2002 and have been a member in good standing ever since that time.

2.     If called as a witness, I would competently testify to the matters herein from personal knowledge. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

3.     I submit this declaration in support of the Plaintiff's Motion for Final Approval of Class Action Settlement.

## SUMMARY OF CASE HISTORY AND SETTLEMENT

4.     My firm, Martin & Bontrager, APC has been preliminarily approved as Class Counsel in this matter.

5.     I have been involved in this case from inception through the present. I have assisted with claims administration and responding to Class Member's inquiries.

6.     Plaintiff has brought this matter to the attention of counsel, and a Complaint was filed in the United States District Court for the Southern District of California.

7.     Plaintiff's counsel initiated a thorough investigation, and conducted relevant factual and legal research regarding the merits of the case.

8.     The Parties engaged in both informal and formal discovery surrounding Plaintiff's claims and Defendant's defenses. The Parties also conducted substantial formal discovery, including written discovery requests, concerning the class size and Defendant's financial status.  Following an Early Neutral Evaluation and Case Management Conference on August 15, 2019 and over six months of negotiation thereafter, the Parties reached this Settlement, the terms of which are memorialized herein, and subject to court approval.

9.     The named Plaintiff and all of their counsel believe that the claims asserted in the Action have merit.  However, taking into account the risks of continued litigation, as well as the delays and uncertainties common in FDCPA class action litigation, Class Counsel believe that it is desirable that the Action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Agreement.

10.     Class Counsel have concluded that the terms of the Settlement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.  I believe, as the Plaintiff's attorney, that the Settlement should be given final approval.

11.     Therefore, Class Counsel is requesting that the Court grant Final Approval of the Settlement, following Preliminary Approval.

<u>**NOTICE TO CLASS MEMBERS**</u>

12.     There are a total of 31,843 class members.  I have been informed by First Class, Inc. (hereinafter "First Class"), the Claims Administrator in this matter, that First Class emailed notice to 26,644 class member email addresses beginning on May 30, 2020, and finishing on or before June 4, 2020. Of those, 1,226 emails either bounced, were delayed, or were marked spam complaint.

13.     First Class additionally mailed notices via First Class mail, postage prepaid, with Electronic Service Requested, on June 17, 2020 to 6,468 class member mailing addresses who did not have an email address, or whose emailed notice bounced, was delayed, or was marked as spam complaint.

14.      As of July 10, 2020, 23,205 records in the class list had an email address that had not previously bounced and had not submitted a claim form.  A second batch of notices were emailed to those 23,205 class member email addresses beginning on July 13, 2020, and finishing on or before July 20, 2020. Of those, 79 emails either bounced, were delayed, or were marked spam complaint.

15.     As of August 4, 2020, a total of 213 mailed notices have been returned as undeliverable with no forwarding address or further information provided by the U.S. Postal Service.

16.     As of August 4, 2020, a total of 61 mailed notices were either forwarded by the U.S. Postal Service to a new address, or were returned by the U.S. Postal Service with a new address and remailed.

3

17.` As of August 4, 2020, 609 valid claim forms have been received via hard copy mailed to First Class which were postmarked on or before the cutoff date of August 3, 2020.

18. As of August 4, 2020, 3,574 valid claim forms have been submitted via the website.

19. Therefore, as of August 4, 2020, a total of 4,183 valid claim forms have been submitted.

## OPT OUTS AND OBJECTIONS

20. I have been informed by First Class that no Class Member has submitted an objection to the Settlement.

21. I have been informed by First Class that eighteen (18) Class Members have submitted a request for exclusion.

22. I believe that the lack of a single objection, along with only eighteen (18) requests for exclusion from the 31,843 Class Members (only .000565% of the total class) highly supports the adequacy of the proposed Settlement.

23. In addition, Plaintiff believes the Settlement is favorable.

24. Therefore, I believe that, overall, the Class Members have reacted very favorably to the Settlement.

## ADEQUACY OF SETTLEMENT

25. This is a statutory damages case, and I believe that this Action will have a deterrent effect on Defendant and similar businesses. The Agreement provides for a Settlement Fund that is to provide $15,750.00 to each of the Class Members who timely submit a claims form, an incentive award of $ 750.00 to the named Plaintiff, and for Plaintiff's counsel to petition the Court for approval of an award of fees, costs, and expenses. Presently, Plaintiff's counsel has incurred $ 38,566.00 in fees and $450.00 in costs.

26.    I believe that Class Counsel have continued to adequately represent the interests of the Class Members and the named Plaintiff, having timely filed a Fee Brief concurrently herewith.

27.    As a result, in my opinion, based upon the many years of experience in civil litigation and several years of experience in litigating class actions, and based upon the facts of this case, the number of class members, and the other circumstances, I believe the amended Settlement is fair and reasonable. Therefore, I believe the settlement merits Court approval.

## REASONABLENESS OF PLAINTIFF'S COUNSEL'S LODESTAR

28.    Plaintiff's Counsel and legal staff has maintained contemporaneous time records since the commencement of this action; and to date has expended a combined total of 79.20 hours during the course of this litigation.  In order to obtain the favorable Settlement in this Action, Plaintiff's Counsel has used reasonable billing discretion, and has agreed to take a reduction of Plaintiff's attorneys' fees and costs, as well as not charging for several costs, including postage; therefore, additional time reduction is unwarranted.  *Id.*

## EXHIBITS

29.    Attached hereto as "Exhibit 1" is a true and correct copy of the parties' executed Class Action Settlement Agreement.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on August 6, 2020 in Toluca Lake, California.

By: /s/ G . Thomas Martin, III
G. Thomas Martin, III
Attorney for Plaintiff

**PROOF OF SERVICE**

I filed electronically on this 6th day of August, 2020, **DECLARATION OF G. THOMAS MARTIN, III IN SUPPORT OF UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**, with:

with the United States District Court CM/ECF system

Notification sent electronically on this 6th day of August, 2020, to:

Christopher D. Holt, Esq.

KLINEDINST IRVINE
2 Park Plaza, Ste. 1250
Irvine, CA 92614

(714) 542-1800 x5211 Phone
(714) 542-3592 Fax
Email:  cholt@klinedinstlaw.com

This 6th day of August, 2020.

s/G. Thomas Martin, III

G. Thomas Martin, III

# **EXHIBIT 1**

CLASS ACTION SETTLEMENT AGREEMENT BETWEEN AMANDA ACOSTA AND PATENAUDE & FELIX, A PROFESSIONAL CORPORATION

This class action settlement agreement ("Agreement") is entered into between Amanda Acosta ("Plaintiff" or "Class Representative"), individually and on behalf of the "Class Members" (as defined below), and Patenaude & Felix, A Professional Corporation ("Defendant").  This Agreement is intended by Defendant and Plaintiff, on behalf of herself and the Class Members (collectively, the "Parties"), to fully, finally, and forever resolve, discharge, and settle the "Released Claims" (as defined below), upon and subject to the terms and conditions contained herein, and is not an admission of liability by any party.

## Recitals

On May 22, 2019, Plaintiff filed a class action complaint (the "Lawsuit") against Defendant in the United States District Court for the Central District of California, Case No. 3:19-cv-00954-CAB-BGS, asserting putative class claims arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*;

Plaintiff alleges that Defendant violated the FDCPA regarding certain debt collection efforts with respect to consumers nationwide;

Defendant expressly denies any liability whatsoever to Plaintiff, the Class Members or any other party, or that it violated the FDCPA or any other law or regulation;

1

The Parties desire and intend to settle and resolve all of the claims asserted against Defendant in the Lawsuit;

The Parties wish to avoid the expense and uncertainty of continued litigation;

The Parties believe that settlement by way of this Agreement is in their best interests;

Counsel for the Class Members have conducted an evaluation of the claims to determine how best to serve the interests of the Class Members;

Counsel for the Class Members believe, in view of the costs, risks, and delays of continued litigation and appeals, including the amount of money potentially available to the Class Members in light of Defendant's net worth and the cap on statutory damages set forth in the FDCPA, balanced against the immediate benefits of settlement to the Class Members, that the class settlement as provided in this Agreement is in the best interest of the Class Members and is a fair, reasonable, and adequate resolution of the Lawsuit;

Prior to entering into this Agreement, counsel for the Parties engaged in discovery regarding the size and makeup of the putative class, and the damages available to the Class Members, which helped to inform the Parties' negotiations;

The Parties desire and intend to seek court approval of the settlement of the Lawsuit as set forth in this Agreement and, upon court approval, to seek entry of a

Final Approval Order and Judgment dismissing with prejudice the claims of the Class Members as set forth herein;

The Parties and their counsel agree to recommend approval of this Agreement to the Court and to any regulatory authority responding to the proposed settlement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715; and

The Parties agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, and contemplate that they will oppose any objections to the proposed settlement, including objections by any regulatory authority after CAFA notices are issued, and oppose any appeals from any orders of final approval.

## **TERMS**

WHEREFORE, in consideration of the promises, representations, and warranties set forth, the Parties stipulate and agree:

1.      DEFINITIONS – The following definitions apply to this Agreement:

A.      "Effective Date" means the first date after the "Final Order Day" (as defined below) and after Defendant completes the performance of the requirements under ¶ 10 of this Agreement.

B.      "Final Order Day" means the day upon which the Final Approval Order and Judgment becomes "Final." The Final Approval Order and Judgment

becomes "Final" upon the expiration of any available appeal period following entry of the Final Approval Order and Judgment. If any appeal is filed from the Final Approval Order and Judgment, then the Final Order Day will be the first date after the conclusion of all appeals, so long as the Final Approval Order and Judgment is not reversed or vacated.

C.     "Letter" means the letter sent by Defendant to Plaintiff on or about April 22, 2019, a copy of which is attached to the complaint as exhibit A.

D.     "Class Members" means any person who meets the following definition:

> All consumers in the United States who were sent a letter that is identical to or is substantially the same form as the Letter, which seeks to collect an alleged consumer debt, within one year prior to the filing of this action and which was not returned as undeliverable.

Defendant represents that there are 31,849 Class Members in total, including the Class Representative.

E.     "Released Claims" means any and all claims, made or unmade, in state or federal court, arising out of the form Letter sent by Defendant between May 22, 2018 and May 22, 2019.  Defendant does not release any Class Members from any debts that may be owed, and Plaintiff and Class Members do not release any claims or defenses they may have, against parties other than the Released Parties defined in ¶ 2(E).

4

F.      "Released Parties" means Patenaude & Felix, A Professional

Corporation and each of its past, present, and future directors, officers, employees,

partners, principals, clients, insurers, co-insurers, re-insurers, shareholders,

attorneys, and any related or affiliated company, including any parent, subsidiary,

predecessor, or successor company.

2.      CLASS CERTIFICATION – Plaintiff will seek, and Defendant will not

oppose, preliminary approval of the settlement on behalf of the class defined above

in ¶ 1(C).

3.      CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT –

Defendant does not object to Amanda Acosta being appointed as the Class

Representative for the Class Members, or to G. Thomas Martin, III and Nicholas J.

Bontrager of Martin & Bontrager, APC being appointed as counsel for the Class

Members ("Class Counsel").

4.      ORDER OF PRELIMINARY APPROVAL – Pursuant to the deadline set by

the Court, the Parties will file a motion requesting that the Court enter an Order of

Preliminary Approval of Class Action Settlement in substantially the same form

attached as **Exhibit A**.

5.      FINAL ORDER AND JUDGMENT – If the settlement is approved

preliminarily by the Court, and all other conditions precedent to the settlement

have been satisfied, the Parties will file a motion seeking approval of the settlement by way of entry of a Final Approval Order and Judgment.

6.     ADMINISTRATION AND NOTIFICATION PROCESS – First Class, Inc., a third-party class administrator jointly selected by and agreeable to the parties ("Class Administrator"), will administer the settlement and notification of the settlement to the Class Members. The costs and expenses for the administration of the settlement and class notice, including all work necessary to identify current contact information for the Class Members, will be paid by Defendant separate and apart from the Settlement Fund (defined below). The Class Administrator will be responsible for sending the approved class action notice and payment to the Class Members.

A.     The Class Administrator will, as expeditiously as possible, but not later than 21 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement, send written notice of the settlement to each Class Member at his or her last known email address, as provided by Defendant.  If any email notice is returned as undelivered, Class Administrator will send notice by regular mail to the last known mail address, which will be  provided by Defendant, and updated using the Postal Service's national Change of Address database.  If any notice is returned with a new address, the Class Administrator will re-mail the notice to the new address and will update the Class Member address list.  The

notice to the Class Members will be in substantially the form attached as **Exhibit B**. Additionally, for those Class Members who are to receive email notice only, Class Administrator will send a second email notice no later than fourteen (14) days prior to the late date for Class Members to submit a claim and/or opt-out.

      B.   <u>CAFA Notice</u> – Defendant shall effect service of notice in compliance with 28 U.S.C. § 1715, either directly, through the Class Administrator, or through a separate third party.

7.    REQUESTS FOR PARTICIPATION – The Class Administrator will administer the receipt of any requests for participation in the class fund.

      A.   Any Class Member who desires to receive payment from the class fund must respond through the administered website no later than 60 days after the initial written notice sent by email in section 6.A., or such other date as set by the Court. The Class Administrator will maintain a list of Class Members who submitted a timely claims.

8.    REQUESTS FOR EXCLUSION AND OBJECTIONS – The Class Administrator will administer the receipt of any requests for exclusion.

      A.   Any Class Member who desires to be excluded from the class must send a written request for exclusion to the Class Administrator, including his or her full name, address, telephone number, and email address (if available), along with a statement that he or she wishes to be excluded, with a postmark date no later than

60 days after the initial written notice sent by email in section 6.A.,or such other date as set by the Court.  The Class Administrator will provide a list of the names of each Class Member who submitted a timely exclusion to Class Counsel after the deadline passes. A copy of this list will be provided to the Court in connection with the Motion for Final Approval of Class Action Settlement.

B.      Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of this Agreement.

C.      Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days after the initial written notice sent by email in section 6.A., or such other date as set by the Court.  Further, any such Class Member must, within the same time, provide a copy of the written objection to Class Counsel and Counsel for Defendant via U.S. Mail.

D.      In the written objection, the Class Member must state: his or her full name, address, telephone number, and email address (if available); the reasons for his or her objection; and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.

E.      Any Class Member who does not file a valid and timely objection to the settlement will be barred from seeking review of the settlement by appeal or otherwise.

F.      Any Class Member who submits both an objection and a request for exclusion will be treated as having submitted a request for exclusion, and will be excluded from the settlement.

G.      When responding to any inquiry from a Class Member, Plaintiff and Class Counsel will confirm that they believe the settlement is fair and reasonable.

H.      Subject to approval by the Court, a fairness hearing will be conducted regarding the settlement within 120 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement, or as ordered by the Court. Under Rule 23(c)(2)(B)(iv) of the Federal Rules of Civil Procedure, the Class Members will be notified that they may enter an appearance through an attorney at their own expense if they so desire.

9.      RELEASES – As of the Effective Date, Plaintiff and the Class Members fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims, and are forever barred from asserting any of the Released Claims in any court against any of the Released Parties.

10.      SETTLEMENT CONSIDERATION – In consideration for the foregoing releases, the Parties agree to the following:

A.      <u>Settlement Fund</u> – Defendant, in consultation with the Class Administrator, will cause to be established a settlement fund of $15,750.00 ("Settlement Fund") within 14 days after the Final Order Day. Each participating

Class Member who has not timely excluded himself or herself will receive a pro-rata portion of the Settlement Fund.

B.      Within 14 days after the Class Administrator receives the settlement funds, or as otherwise ordered by the Court or agreed by the Parties, the Class Administrator will send via U.S. mail a settlement check to each Class Member who participates in the settlement. Defendant's obligations pursuant to this paragraph will be considered fulfilled upon the mailing of the settlement checks, regardless of whether any settlement check is received, returned, or cashed, except that the Class Administrator will be obligated to take reasonable steps to forward all settlement checks returned with a forwarding address to such forwarding addresses. Each settlement check will be void 60 days after mailing.

C.      To the extent that any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), such funds will be:

(1)      Redistributed to the Class Members who submitted a valid and timely claim and who have cashed or deposited their settlement funds, as long as the redistribution amount is at least $5.00 per check; or

(2)  Paid to the Cy Pres Recipient, if the remaining funds are insufficient to amount to $5.00 per check;

D.    To the extent that any funds remain in the Settlement Fund 90 days after the initial distribution, or 60 days after a redistribution, whichever is later, any remaining funds shall be paid to the Cy Pres Recipient.

E.    The Cy Pres Recipient shall be the California Western School of Law Community Law Project.

F.    <u>"Additional" Statutory Damages to Plaintiff</u> – Separate and apart from the Settlement Fund, for which Plaintiff will not receive any compensation from, Defendant will pay $750.00 to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) within 14 days after the Final Order Day representing all actual and statutory damages.

G.    <u>Litigation Costs and Attorney's Fees</u> – The issue of Plaintiff's litigation costs and attorney's fees is deferred.  The Parties may subsequently seek to negotiate the fees, or in advance of the final fairness hearing, Class Counsel will file an application for reasonable attorneys' fees, costs, and expenses, to which Defendant may object, as to the amounts sought, and file a brief in opposition as to the amounts sought. Any amount awarded to Class Counsel for attorneys' fees, costs, and expenses will be paid by Defendant separate and apart from the Settlement Fund, costs of Settlement Administration, and any payment to Plaintiff. Defendant reserves its right to contest the amount of attorneys' fees, costs, and expenses sought by Class Counsel.

H. <u>Costs of Settlement Administration</u> – Separate from the Settlement Fund, any payment to Plaintiff, and the attorneys' fees, costs, and expenses of Class Counsel, Defendant will be responsible for paying all costs of class notice and administration of the settlement by the Class Administrator.

I. <u>Change in Defendant's Conduct</u> – Defendant affirms that, as of the date of this Agreement, and without admission of any past wrongdoing, it no longer uses the form of letter which gave rise to the Lawsuit and will not do so in the foreseeable future.

11. SECTION 1542 WAIVER - Plaintiff acknowledges, warrants, and represents, for herself and on behalf of the Class Members, that she is aware of and familiar with section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff further acknowledges, warrants, and represents, for herself and on behalf of the Class Members, that she understands the effect and import of California Civil Code section 1542, that she has had the opportunity to consult with counsel, and that she elects and hereby waives and relinquishes all rights and benefits she may have under California Civil Code section 1542, or the law of any other state or

jurisdiction, or common law principle, to the same or similar effect, as they apply to the Released Parties.

12.     COVENANT NOT TO SUE – Plaintiff agrees and covenants, and each Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims.

13.     TERMINATION – After completing a good-faith negotiation, Plaintiff and Defendant will each have the right to terminate this Agreement by providing written notice to the other within 14 days following:

    A.     The Court's refusal to enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as Exhibit A; or

    B.     The Court's refusal to approve the settlement following notice to the Class Members and the final fairness hearing.

    If either Plaintiff or Defendant terminates this Agreement as provided herein, the Agreement will be of no force and effect, and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed.

    The procedure for, and the allowance or disallowance by the Court of, any applications by Plaintiff or Class Counsel for attorneys' fees, costs, and expenses are not part of the settlement set forth herein and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and

adequacy of the settlement set forth herein. Any order regarding an application for attorneys' fees, costs, and expenses will not operate to terminate or cancel this settlement or affect the finality of the settlement of this matter.

14.     MISCELLANEOUS PROVISIONS – Any exhibits to this Agreement are an integral part of the settlement and are expressly incorporated herein as part of this Agreement.

15.     This Agreement is for settlement purposes only. The Parties acknowledge that this Agreement is not an admission of wrongdoing, negligence, or liability by Defendant or any Released Party. Defendant expressly denies any liability whatsoever to Plaintiff, the Class Members or any other party.

16.     No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

17.     This Agreement contains the entire agreement between the Parties and supersedes any agreements between the Parties. The terms of this Agreement are contractual.

18.     This Agreement is to be interpreted in accordance with and governed by California law.

19.     Any dispute, challenge, or question relating to this Agreement is to be heard only by this Court.

20.    The Parties agree that this Court has subject matter jurisdiction over the claims at issue and will request that the Court retain continuing and exclusive jurisdiction over the Parties to this Agreement, and over the administration and enforcement of this Agreement.

21.    This Agreement will be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

22.    If any material provisions of this Agreement are held invalid or unenforceable for any reason, such invalidity or unenforceability does not affect other provisions of this Agreement if Plaintiff and Defendant mutually elect to proceed as if the invalid or unenforceable provision had never been included in the Agreement.

23.    This Agreement is deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement will be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

24.    This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together constitutes one and the same instrument.

25.    The Parties understand that this Agreement is a public document that will be filed with the Court for its review and approval.

26.    Notices/Communications – All requests, demands, claims and other communications hereunder must be: (a) in writing; (b) delivered by U.S. Mail; (c) deemed to have been duly given on the date received; and (d) addressed to the intended recipients as set forth below:

       <u>If to Plaintiff or the Class:</u>
       Nicholas J. Bontrager
       MARTIN & BONTRAGER, APC
       6464 W. Sunset Blvd., Suite 960
       Los Angeles, CA 90028

       <u>If to Defendant:</u>
       Christopher D. Holt
       KLINEDINST PC
       2 Park Plaza, Suite 1250
       Irvine, CA 92614

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed:


_____          Dated: April 21, 2020
Amanda Acosta
*Plaintiff*


_____          Dated: April ___, 2020
Nicholas J. Bontrager
MARTIN & BONTRAGER, APC
*Class Counsel*

16

25.    The Parties understand that this Agreement is a public document that will be filed with the Court for its review and approval.

26.    Notices/Communications – All requests, demands, claims and other communications hereunder must be: (a) in writing; (b) delivered by U.S. Mail; (c) deemed to have been duly given on the date received; and (d) addressed to the intended recipients as set forth below:

>       If to Plaintiff or the Class:
>       Nicholas J. Bontrager
>       MARTIN & BONTRAGER, APC
>       6464 W. Sunset Blvd., Suite 960
>       Los Angeles, CA 90028
>
>       If to Defendant:
>       Christopher D. Holt
>       KLINEDINST PC
>       2 Park Plaza, Suite 1250
>       Irvine, CA 92614

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed:


_____          Dated: April ___, 2020
Amanda Acosta
*Plaintiff*


_____          Dated: April 21, 2020
G. Thomas Martin, III
MARTIN & BONTRAGER, APC
*Class Counsel*

16

Dated: April  22, 2020

Raymond A. Patenaude
For Patenaude & Felix, APC
*Defendant*

Dated: April 22, 2020

Christopher D. Holt
KLINEDINST PC
*Counsel for Patenaude & Felix, APC*

18383641.1

17